IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PETER JOE CUDDIE,

        Petitioner,

v.

SUSAN WASHBURN,

        Respondent.

Case No. 2:19-cv-1135-SI

OPINION AND ORDER

Peter Joe Cuddie
15390531
Eastern Oregon Correctional Institution
2500 Westgate
Pendleton, OR 97801-9699

        Petitioner, *Pro Se*

Ellen F. Rosenblum, Attorney General
Nick M. Kallstrom, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

        Attorneys for Respondent

1 - OPINION AND ORDER

SIMON, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of numerous convictions from Lane County. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

In the autumn of 2012, Petitioner and an accomplice committed a string of offenses that resulted in an indictment charging Petitioner with 37 crimes. On January 7, 2013, Petitioner pled guilty to 25 of those charges. The State dismissed the remaining counts, and the Lane County Circuit Court sentenced Petitioner to a total of 272 months in prison.

Petitioner took a direct appeal where he challenged the length of his sentence under Oregon's sentencing guidelines, but the Oregon Court of Appeals affirmed the sentence in a *per curiam* opinion. *State v. Cuddie*, 265 Or. App. 472 (2014). The Oregon Supreme Court later denied review. 357 Or. 143 (2015).

On March 30, 2016, the Oregon Court of Appeals had occasion to address the propriety of joinder of multiple crimes in a single indictment. Specifically, in *State v. Poston*, 277 Or. App. 137 (2016), the Oregon Court of Appeals concluded that pursuant to ORS 132.560,[1] the State must allege within the charging instrument the basis for joinder. *Id* at 145.

---

[1] ORS 132.560 requires that a charging instrument must be limited to a single offense, except of the multiple offenses are of the same or similar character, are based on the same act or transaction, or connected by a common scheme or plan.

2 - OPINION AND ORDER

Shortly thereafter, on June 13, 2016, Petitioner filed his Amended Petition seeking post-conviction relief ("PCR") in Umatilla County. He alleged that he had been the victim of ineffective assistance of counsel at trial, resulting in guilty pleas that were not knowing, voluntary, or intelligent. Respondent's Exhibit 113. Relevant to this habeas corpus case, and consistent with the *Poston* decision, he argued that trial counsel should have demurred to the indictment because it failed to allege that the crimes were sufficiently connected to warrant joinder pursuant to ORS 132.560(1)(b). Respondent's Exhibit 113. The PCR court denied relief on all of Petitioner's claims. Respondent's Exhibit 138. The Oregon Court of Appeals affirmed the PCR court's decision without issuing a written opinion, and the Oregon Supreme Court denied review. *Cuddie v. Taylor*, 294 Or. App. 885, 431 P.3d 112 (2018), *rev. denied*, 364 Or. 723, 440 P.3d 669 (2019).

Petitioner filed this 28 U.S.C. § 2254 habeas corpus case on July 22, 2019 and raises a single claim of ineffective assistance of trial counsel: "Counsel failed to demur to an indictment that charges multiple property, drug, and driving offenses without alleging that the charges are of the same character, based on the same act or transaction, or are connected by a common scheme or plan." Petition (#1), p. 5. Respondent asks the Court to deny relief on this claim because: (1) it is not cognizable because it involves pre-plea conduct by counsel; and (2) even if the claim is cognizable in a habeas corpus case, the PCR court reasonably denied relief. Although Petitioner's supporting memorandum was

3 - OPINION AND ORDER

due on June 8, 2020, he has not filed such a brief or otherwise responded to the State's arguments.

## DISCUSSION

As an initial matter, Respondent maintains that Petitioner's claim is not cognizable, citing the Court to *Tollett v. Henderson*, 411 U.S. 258 (1973). That case provides:

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Henderson*, 411 U.S. at 266-67.

Respondent argues that Petitioner's sole ground for relief pertains to conduct that occurred prior to the entry of his guilty pleas, and does not allege that his guilty pleas were not knowing and voluntary. Petitioner is not represented by counsel in this case, and a liberal construction of the *pro se* Petition includes the inference that counsel's deficient performance with respect to the contents of the indictment resulted in a guilty plea that was not knowing, voluntary, and intelligent. In this respect, Petitioner presents a cognizable claim.

## I. Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted

4 - OPINION AND ORDER

in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and Petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. Twenty-eight U.S.C. § 2254(d) "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents.

5 - OPINION AND ORDER

It goes no farther." *Harrington v. Richter*, 562 U.S. 86, 102 (2011).

## II. Analysis

Although Petitioner does not provide argument to support his sole ground for relief in this case, during his PCR proceedings he asserted that the indictment in his case did not allege that his numerous offenses were of the same character, based on the same act or transaction, or connected by a common scheme or plan. He therefore argued that a competent attorney exercising reasonable skill and judgment would have demurred to the indictment because a successful demurrer would have led to the dismissal of the indictment.

The Court uses the general two-part test established by the Supreme Court to determine whether Petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 556 U.S. 111, 122-23 (2009). First, Petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, Petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether Petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694.

6 - OPINION AND ORDER

A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 556 U.S. at 122.

During Petitioner's PCR proceedings, the State introduced several affidavits from practitioners (including Petitioner's trial attorney) who opined that prior to the Oregon Court of Appeals' decision in *Poston*, practitioners did not file, and courts did not allow, demurrers with respect to the joinder issue raised in this case. Respondent's Exhibits 137-135. The PCR court found these attorneys to be credible, and found Petitioner's contention that he would have asked his attorney to sever the charges and proceed to trial not to be credible. Respondent's Exhibit 138 p. 1. The PCR judge also concluded:

> Petitioner has failed to prove that his trial attorney was ineffective for failing to file a demur to the indictment because it did not contain specific joinder language or because it did not meet the requirements of ORS 132.560. Counsel did not demur to the indictment because such demurs were not filed at that time and if filed were not granted. He could not reasonably anticipate the future case of *State v. Poston*, 277 Or App 137 (2016). Even if counsel had been aware of the *Poston* holding, he may not have filed a demur. Given that nature of the evidence and fact that the Petitioner wanted to resolve his cases by plea agreement, there was no reason to file a demur even if it resulted in several separate charging documents until after the plea negotiations were completed,

7 - OPINION AND ORDER

> if at all. Trial counsel's approach to these issues was reasonable.
>
> Further Petitioner has not proven prejudice. Had trial counsel filed a demur and had it been granted, the district attorney could have refiled, supplying the necessary language in the new indictment. If trial counsel had filed a motion based on the requirements of ORS 132.560, it is unlikely that the motion would have been granted. The crimes all arose out of a general drug trafficking activity. If a motion had been granted Petitioner would have still faced the same charges only in the form of multiple charging documents. There is no credible evidence that the outcome would have been any more advantageous for the Petitioner. There is no evidence that trial counsel's failure to file a demur or motion to sever had any tendency to affect the outcome of the trial.

*Id* at 2.

"*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004) (citing *Strickland*, 466 U.S. at 690); *see also Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994). Where the Oregon Court of Appeals issued its decision in *Poston* three years prior to Petitioner's proceedings in the Lane County Circuit Court, Petitioner fails to establish that his attorney's performance fell below an objective standard of reasonableness.

Even assuming counsel should have moved to sever the counts in the indictment, and that the trial court would have been receptive to such a motion, Petitioner suffered no prejudice where the State could have either cured the deficiency, or filed multiple indictments charging the same crimes. Nothing in the

8 - OPINION AND ORDER

record suggests that the State would have provided Petitioner with a more favorable plea offer had counsel been able to successfully sever the charges in the indictment pre-*Poston*. For all of these reasons, the PCR court's well-reasoned decision is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED. The Court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 14th day of July, 2020.

_____
Michael H. Simon
United States District Judge

9 - OPINION AND ORDER